3:22-MC-80096CAROL E. SCHULTZE Florida SBN 756083
Assistant Chief Litigation Counsel
Division of Enforcement
United States Securities and Exchange Commission
100 F Street, NE, Mail Stop 5628
Washington, DC 20549-5628
Tel. (202) 551-4958
schultzec@sec.gov

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff/Petitioner,<br><br>vs.<br><br>MAXWELL DREVER,<br><br>Defendant/Respondent. | Case No: 3:22-MC-80096 |

**APPLICATION OF THE SECURITIES AND EXCHANGE COMMISSION FOR AN ORDER UNDER SECTION 20(c) OF THE SECURITIES ACT ENFORCING COMPLIANCE WITH COMMISSION ORDER**

The Petitioner, Securities and Exchange Commission (the "Commission"), applies to the Court for an order pursuant to Section 20(c) of the Securities Act of 1933("Securities Act"), 15 U.S.C. § 77t(c), to enforce compliance by the Respondent, Maxwell Drever ("Drever"), with a final Commission order ("Order" or 'OIP") entered against him on May 5, 2021. In anticipation of the proceedings giving rise to the OIP, Drever agreed to pay disgorgement of $1,214,246, prejudgment interest of $282,979.17, a civil penalty of $75,000, and certain injunctive relief.

In support of its Application, the Commission states as follows:

**INTRODUCTION**

1. The Commission seeks by this Application to enforce an order of the Commission, which found that Drever violated Securities Act Sections 17(a)(2) and 17(a)(3).

2. Respondent has failed, refused and neglected to comply with the Commission Order in that he has not paid his entire penalty obligation nor any part of the disgorgement and prejudgment interest imposed upon him.

**PARTIES**

3. The Commission is an agency of the United States Government. The Commission's principal office is located at 100 F Street, N.E., Washington, DC 20549.

4. Maxwell Drever, age 81, is a resident of Tiburon, CA.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction under Section 20(c) of the Securities Act.

6. Venue lies in the Northern District of California under Section 22(a) of the Securities Act as Respondent is "found" or is an "inhabitant" of this District.

**STATEMENT OF RELEVANT FACTS**

7. The Commission Order found, in summary, that Drever failed to disclose his receipt of millions of dollars in fees charged to investors in connection with the purchase and redevelopment of a real estate investment project in Dallas, Texas. (See Ex. 1 to Schultze Declaration).

8. Between April 2016 and January 2017, Drever raised approximately $53 million from investors who purchased LLC membership interests from Lightning Elm MPN LLC

(Lighting Elm"), a fund that raised money from investors to purchase and redevelop a commercial building located at 1401 Elm Street in Dallas, Texas. Drever is the Chairman and owner of Drever Capital Management LLC ("DCM"), which at all relevant times provided investment management services in relation to the 1401 Elm St. redevelopment project, known as Lightning Elm MPN LLC ("Lightning Elm").

9. Although the total amount of fees and costs of the project was disclosed to the Lighting Elm investors, Drever did not disclose that he transferred more than $10,000,000 to himself.

10. Drever reinvested most of the money he received back in the project, but he also used the money to take an equity stake in exchange and misrepresented this reinvestment as an investment from separate personal funds, in the 1401 Elm St. redevelopment project to certain Lighting Elm investors.

11. Prior to making their investments, Drever told certain Lighting Elm investors that he was personally investing at least $9 million in the 1401 Elm St. redevelopment project. This information was considered important to investors when they decided to invest as it showed that Drever was personally involved in the 1401 Elm St. redevelopment project. In reality, Drever had not invested his own personal money in the 1401 Elm St. redevelopment project.

12. Instead, Drever received payments of $9 million from Lightning Elm investor funds in November 2016. These payments were a "proprietary equity credit fee" in Drever 1401 Elm's financial statements and paid in connection with a purported proprietary equity credit fee agreement between Drever, 1401 Elm and another entity owned and controlled by Drever. The proprietary equity credit fee agreement was signed by Drever on behalf of both parties. Drever reinvested the $9 million into the 1401 Elm St. redevelopment project. Lightning Elm investors

were not informed by Drever prior to their investment of the proprietary equity credit fee or that the $9 million he invested in November 2016 to show his involvement came from the undisclosed proprietary credit fee.

13. With Drever's consent, on May 5, 2021, the Commission issued an Order instituting administrative and cease-and-desist proceedings, pursuant Section 8A of the Securities Act requiring Respondent to cease and desist from causing or committing and further violation of Section 17(a)(2) and Section 17(a)(3) of the Securities Act and pay disgorgement of $1,214,246, prejudgment interest of $282,979.17, a civil penalty of $75,000, and certain injunctive relief, with additional interest accruing pursuant to Commission Rule 600 (disgorgement) and 31 U.S.C. § 3717 (penalty).

14. The payments were to be made according to an agreed installment plan and were to commence within 10 days of the Order. The final payment was to be made within three years or 1,095 days of the Order.

15. The Commission also entered the following injunctive relief: ordering Respondent to cease and desist from committing or causing any violations and any future violations of Sections 17(a)(2) and 17(a)(3) of the Securities Act.

16. Drever did not seek review of the Order, and his time to do so has expired.

17. Drever made one payment of $50,000 on August 5, 2021 well past the 10 days from the May 15, 2021 Order. This amount has been credited towards Drever's penalty obligation. Thus, the remainder of his penalty obligation, $25,000, remains due and owning with additional interest continuing to accrue pursuant to 31 U.S.C. § 3717. Drever has not made any other payments since and his entire disgorgement amount and prejudgment interest remains due and owing.

**ARGUMENT**

18. The Commission brings this proceeding under Section 20(c) of the Securities Act. This provision authorizes the use of summary proceedings, rather than plenary civil actions, to enforce Commission orders in district courts.

19. Proceedings under this provision are summary in nature. *See e.g., SEC v. Vindman*, 2007 WL 1074941 at *1 (S.D.N.Y. April 5, 2007); *SEC v. McCarthy*, 322 F.3d 650, 659 (9th Cir. 2003). In *McCarthy*, the Ninth Circuit held that "summary proceedings may be 'conducted without formal pleadings, on short notice, without summons and complaints, generally on affidavits, and sometimes even *ex parte*.'"

20. In such proceedings, the Respondent may not challenge the validity of the order the Commission seeks to enforce. *SEC v. Gerasimowicz*, 9 F. Supp.2d 378, 381 (S.D.N.Y. 2014); *SEC v. Pinchas*, 421 F. Supp.2d 781, 783 (S.D.N.Y. 2006). "By the time a § 21(e)(1) application is filed by the Commission, the time and opportunity for adjudicating the merits of the claim have been exhausted; all that is left to do is enforce the order." *McCarthy* at 658.

21. These summary proceedings are commenced by service of an order to show cause and the application, rather than by service of a summons and a complaint. *SEC v. Stoecklein*, 2015 WL 6455602 at *1 (S.D. Cal. Oct. 26, 2015); *SEC v. Taber*, 2013 WL 6334375 at *1 (S.D.N.Y., Dec. 4, 2013); *SEC v. Markowski*, 2007 WL 2566247 at *1 (M.D. Fla. Aug. 31, 2007).

WHEREFORE, the Commission respectfully requests:

I.

That the Court enter an Order to Show Cause, directing the Respondent to show cause why this Court should not enter an order enforcing his compliance with the Commission Order.

II.

That the Court thereafter enter Judgment enforcing the Commission Order and requiring:

a. Drever to  disgorge, $1,214,2462 plus pre-order interest of $282,979.17;

b. Drever to pay the $25,000 remainder of his civil penalty of $75.000;

c. Interest accrued pursuant to SEC Rule of Practice 600 and 31 U.S.C. § 3137 from May 5, 2021, the date of the Order, to the date that this Court enters its Judgment; and

d. Injunctive Relief.

III.

That the Court order such relief as may be necessary for enforcement of any order of this Court as to disgorgement and prejudgment interest through civil contempt and/or other collection procedures authorized by law.

IV.

That the Court order such relief as may be necessary for enforcement of any order of this Court as to the civil monetary penalty pursuant to the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001 – 3308.

V.

That the Court retain jurisdiction as appropriate to assure and effect compliance with the orders entered herein.

VI.

That the Court order such other and further relief as may be just and proper.

Dated: April 13, 2022

Respectfully submitted,

Carol E. Schultze

CAROL E. SCHULTZE
Assistant Chief Litigation Counsel
United States Securities and Exchange Commission
100 F Street, NE, Mail Stop 5628
Washington, DC 20549-5628
SchultzeC@SEC.gov
Telephone: 202.551.4598
Attorney for Plaintiff/Judgment Creditor
United States Securities and Exchange Commission